No. 30,953.

S. R. Stalcup, *Appellant*, v. Mattie May Stalcup, R. C. Gates et al., *Appellees*.

(21 P. 2d 401.)

Opinion denying a rehearing and modifying former opinion filed April 25, 1933. (For original opinion of affirmance see 137 Kan. 141, 19 P. 2d 447.)

*Robert Garvin, Evart Garvin* and *Morris Garvin,* all of St. John, for the appellant.

*R. C. Russell,* of Great Bend, *Paul R. Nagle* and *Arthur R. Gates,* both of St. John, for the appellees.

The opinion of the court was delivered by

Hutchison, J.: This is a combined petition for rehearing and for modification of the decision in the case of *Stalcup v. Stalcup,* rendered March 11, 1933, and reported in 137 Kan. 141, 19 P. 2d 447. The petition for rehearing is denied.

The modification asked was so strongly urged in the appeal that the last paragraph of the opinion was devoted wholly to that question, but it concluded with the thought that while it would undoubtedly be equitable to do as requested, this court must have from the trial court a basis on which the modified judgment could rest, and that we had no such basis. It is true that the specific object of this equitable proceeding is not exactly along the line of the modification asked, but while the action was to set aside and cancel a certain deed and to declare Mattie May Stalcup, one of the defendants, to be a trustee for plaintiff's half interest in the real property involved, yet the prayer was also for other and further relief.

The petition alleged, and the trial court found, that Mattie May Stalcup owed plaintiff $3,000, which he claimed was by her invested in this land purchased by her from her father, and plaintiff used this equitable proceeding to recover the land in which she placed the money she admitted owing him. He failed in his action because the evidence showed that her father, when he repurchased the land from his daughter, was an innocent purchaser, not knowing of the claimed interest of the plaintiff in the land.

The appellant claims that since Mattie May Stalcup owes the

plaintiff $3,000 and her father, the innocent purchaser to whom she sold the land in question, admits that he still owes her on the purchase price of the land $5,000, and he has agreed with her that he will pay the same by paying off a mortgage of that exact amount she had placed on her own land to procure money to purchase this land in the first place from her father, that equity should exact that the father be required to pay plaintiff $3,000 of the $5,000 he still owes his daughter and thus meet her obligation to the plaintiff. This is the modification desired. The following findings made by the trial court are pertinent:

"6. The court finds that Mattie May Stalcup owned in her own right the northwest quarter of section 1, township 22, range 13, Stafford county, Kansas, and she procured the five thousand dollars she paid to her father, R. C. Gates, by mortgaging this land and the money was paid to her father, R. C. Gates.

"8. Plaintiff and Mattie May Stalcup, his sister-in-law, defendant herein, had business transactions relative to farming, and at or about the time the land was purchased from R. C. Gates by Mattie May Stalcup, plaintiff and Mattie May Stalcup figured up what was due the plaintiff, and Mattie May Stalcup told plaintiff and they agreed that plaintiff had three thousand one hundred seventy-six dollars due him from Mattie May Stalcup, and the parties had a verbal agreement or understanding that plaintiff was to own a three-thousand-dollar, or one-half, interest, in the above-described real estate, provided he paid out his share of the mortgage on the land.

"9. The land was to be kept in the name of Mattie May Stalcup, so when Mattie May Stalcup bought plaintiff out, a new deed would not have to be given.

"10. Mattie May Stalcup offered to give plaintiff a deed for a one-half interest in said real estate several times, but plaintiff said he did not desire a deed.

"16. The consideration for the sale and conveyance of the real estate from Mattie May Stalcup to R. C. Gates, her father, was that R. C. Gates pay the mortgage assessed against the above-described real estate, which was a twenty-four-thousand-dollar mortgage on a section of land which covered the land in question, and the said R. C. Gates canceled the one thousand dollars which his daughter Mattie May Stalcup owed him; and the said R. C. Gates further orally agreed to pay the five-thousand-dollar mortgage indebtedness which the defendant Mattie May Stalcup put on her real estate at the time she purchased the land from her father and which she paid her father, R. C. Gates.

"21. The defendant R. C. Gates has already paid the twenty-four-thousand-dollar mortgage, of which the defendant Mattie May Stalcup had assumed six thousand dollars in the deed, and has canceled the one thousand dollars due him, and has agreed to pay the five-thousand-dollar mortgage indebtedness owed by Mattie May Stalcup.

"30. At the time Mattie May Stalcup had the conversation with plaintiff relative to his having a three-thousand-dollar, or one-half, interest, in the real

estate, she did not personally have the three thousand one hundred seventy-six dollars which the parties agreed was due plaintiff, as she had spent it.

"32. R. C. Gates has paid interest on the five-thousand-dollar mortgage which he orally assumed."

Upon reconsideration we think these findings furnish a sufficient basis from the trial court upon which this court can make a modification of the decision heretofore rendered, and direct the trial court to modify its judgment by following the proceeds of the land the plaintiff tried in this action to follow, and which he failed to reach simply because defendant Gates was an innocent purchaser of the land from his daughter. This is, we think, within the issues, and there can be no question of its being preëminently equitable and fair under the findings above set out, when all the parties concerned were in the case and the matter of the indebtedness of Mattie May Stalcup to the plaintiff was plainly made an issue in the case by her answer.

"The court, having held that the plaintiff was not entitled to the specific performance asked and having before it all the interested parties and all the evidence pertinent to the transaction out of which the controversy arose, was warranted in proceeding to determine the rights of the parties and to administer equity between them." (*Haston v. Citizens State Bank,* 132 Kan. 767, syl. ¶ 4, 297 Pac. 1061.)

"In a suit in equity to establish an interest in specific real property and for appropriate relief, the court, having acquired jurisdiction of the parties and of the subject matter and having found that plaintiff has a specific interest in the property, has power to so frame its decree as to meet the exigencies of the situation and to reach the ends of justice." (*Banner v. Welch,* 115 Kan. 868, syl. ¶ 2, 225 Pac. 98.)

". . . while in the remedial exercise of its power a court of equity proceeds with a discretion which is controlled by legal principles as distinguished from arbitrary or capricious power, its power to grant relief is not circumscribed by any fast or technical rule, and the court has a broad discretion in framing its decrees in order to adapt the relief to the circumstances of particular cases. It will adjust the relief in such a way as to afford fair protection to the rights of all parties, and may grant any relief within the issues made by the pleadings. The primary object of a decree in equity is to reach the ends of justice. Equity procedure is usually elastic enough to accomplish this result, and the court shapes its decree accordingly." (21 C. J. 660.)

The petition for rehearing is denied, and the judgment as far as title to or interest in the land in question is concerned is affirmed, but the judgment should be modified as to the proceeds from the sale of the land yet unpaid by R. C. Gates, the innocent purchaser,

so that $3,000 of the $5,000 remaining unpaid shall be paid by R. C. Gates to the plaintiff herein, and the cause is remanded to the trial court with directions to render judgment against R. C. Gates in favor of the plaintiff for $3,000 with interest from date of judgment, with costs taxed to defendant Mattie May Stalcup.