No. 30,953

S. R. STALCUP, *Appellant*, v. MATTIE MAY STALCUP, R. C. GATES et al., *Appellees.*

(30 P. 2d 1106.)

Opinion on rehearing modifying former opinion filed April 7, 1934. (For original opinion of affirmance see 137 Kan. 141, 19 P. 2d 447; and for opinion denying a rehearing but modifying the judgment see 137 Kan. 447, 21 P. 2d 401.)

*Robert Garvin, Evart Garvin* and *Morris Garvin,* all of St. John, for the appellant.

*R. C. Russell,* of Great Bend, *Paul R. Nagle, Arthur R. Gates,* both of St. John, *T. F. Doran, Clayton E. Kline, Harry W. Colmery, M. F. Cosgrove* and *Balfour S. Jeffrey,* all of Topeka, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This is a ruling upon the third petition of the appellee for a rehearing. And after a careful consideration thereof and of the authorities therein cited, as well as further consideration of the first and second petitions for rehearing filed by the appellee, the court adheres to its last decision in the case of *Stalcup v. Stalcup,* 137 Kan. 447, 21 P. 2d 401, rendered April 25, 1933, which was a modification of its earlier decision in the same case, rendered on March 11, 1933, and reported in 137 Kan. 141, 19 P. 2d 447, with the further modification that the trial court ascertain the date of maturity of the first $3,000 to become due on the $5,000 mortgage given by Mattie May Stalcup on her own farm in 1928, which the appellee, Gates, claims to have assumed, and that the judgment against appellee Gates in favor of appellant be not enforced at a date earlier than the maturity of said mortgage, or the due date of the first $3,000 thereof, as provided by such original mortgage.

HARVEY, J. (dissenting): In the first opinion of the court in this case (137 Kan. 141, 19 P. 2d 447) the judgment of the trial court was affirmed. Appellant moved for a rehearing, or for a modification of this court's decision. Without granting a rehearing the court modified its former decision so as to require R. C. Gates to pay

plaintiff $3,000 in lieu of paying that amount on a mortgage he had assumed and agreed to pay (137 Kan. 447, 21 P. 2d 401). Appellees then moved for a rehearing on that question, and, having some doubt as to the soundness of the conclusion reached in the modified opinion, this court granted a rehearing. The case has been reargued and additional briefs, in manuscript, furnished.

On this hearing appellant raised the question of this court's jurisdiction to grant or hold the rehearing, or to change its last decision, for the reason that the mandate had gone down and the trial court had ordered it spread of record and had rendered judgment in accordance with the mandate before the order for rehearing was granted by this court, citing and relying on many of the authorities collected in the annotation in 84 A. L. R. 579. Since the court has not dealt with that question, I shall express no view concerning it.

I am now convinced that the decision of this court (137 Kan. 447, 21 P. 2d 401), modifying its former decision, was ill-advised, and that it is erroneous, broadly speaking, for three reasons: (1) That the question there determined had not been presented to nor passed upon by the trial court. In the trial court plaintiff did not ask a money judgment against Mattie May Stalcup, R. C. Gates, or anyone else, either in his pleadings, or in findings requested, or in objections to findings made, or in any other application or motion filed in the case; the defendants were not called upon to defend such a claim, and made no defense to it. Obviously, appellant never thought of that until he prepared his brief in this court. His request then was, that if the case was not reversed on other grounds, it be sent back to the trial court to pass upon that question. (2) The holder of the mortgage, which R. C. Gates had assumed and agreed to pay, is not a party to the action. His rights as against R. C. Gates on that agreement, and Gates' liability to him by reason of it, cannot be determined in this action, and yet the decision obviously affects that agreement. (3) The modified decision is inequitable under the facts of this case for at least two reasons: (a) It required R. C. Gates to pay the plaintiff $3,000 now, when, by his agreement with his daughter, he was to pay the $5,000 mortgage when it became due, and we are told it has some time yet to run; but as to this, the present order of the court directs a hearing in the trial court to fix the proper date for such payment; and (b) in view of the financial depression which exists a money judgment for

plaintiff of $3,000 results in a greater financial advantage to him than would have accrued had his original agreement with Mattie May Stalcup been carried out. That original agreement was that because of the $3,176 which Mattie May Stalcup owed him he should have a half interest in the quarter section of land she had purchased from her father if he paid one-half of the $6,000 mortgage thereon, which he never did. That land had been purchased by Mattie May Stalcup from her father, R. C. Gates, for $12,000, which was its reasonable value at the time of the purchase. At the time of the trial of this case in the court below, December, 1931, the court found its reasonable value then was $9,000. We are told by counsel that there has been a further decline and that its present reasonable value is not more than $6,000. Had appellant's contract with Mattie May Stalcup been carried out in full he would have been compelled to put $3,000 more in the property than he did and then he would have had a half interest in a quarter section of land of the present value of $6,000. In other words, the $3,000 which Mattie May Stalcup owed him, and which she agreed with him would be considered as a basis of his interest in the land, would have been worth at this time only $1,500, and to make it worth that much he would have had to put $3,000 more into the property, a thing he agreed to do and defaulted on his agreement, and that $3,000, if he had put it into the land, would have depreciated to a present cash value of $1,500. Hence, the failure of plaintiff to carry out his original agreement with Mattie May Stalcup, by the court's decision results in his present status being the same as though he had carried it out and had invested an additional $3,000.

It is my judgment that the original decision, 137 Kan. 141, 19 P. 2d 447, affirming the judgment of the trial court, should stand. If the court deems that inequitable, and that something else must be done, then the case should be sent back to the trial court with directions that the holder of the mortgage which R. C. Gates has assumed and agreed to pay, be made a party defendant so that their rights and liabilities with respect to each other may be determined, and that the pleadings be recast to present the question of what money judgment, if any, plaintiff should recover from R. C. Gates, and that issue, and others necessarily related to it, be tried out and determined by the trial court.